## Case No. 15,232.

UNITED STATES v. GORDON et al.

[1 Brock. 190.] [1]

Circuit Court, D. Virginia.. Nov. Term. 1811.

BOND—PENALTY—EMBARGO ACTS.

1. A statutory bond taken in a penalty greater than that prescribed by law, is void, whether the statute prescribes a specific sum as a penalty, or a standard by which that penalty is to be measured, so as to give a precise sum.

2. If, in the latter case, from the nature of things, the exact penalty could not be ascertained with absolute mathematical precision, and the variance should be so inconsiderable as to be entirely compatible with an honest difference of opinion, it would be a question for the jury to decide, whether. under such circumstances, the signature of the bond, without objection, by the obligor, would not import his assent to the estimate as the true value. But where the statute prescribed twice the value as the penalty, and the defendant pleaded that the bond was taken in more than thrice the value, and that it was obtained by constraint, and the plaintiffs demurred to the plea, thus admitting the allegations of the plea: the demurrer was properly overruled.

3. The plea was good, and the bond a nullity. This position. entirely sustainable as it is on general principles, must be especially true, in a case in which the person taking the bond would, in the event of forfeiture. be entitled, under the law, to half the penalty.

This was an action of debt, brought in the district court of the United States at Richmond, upon an embargo bond, executed by Salem Woodward, William Gordon, and John M. Shepherd, which bond was in the words and figures following. to wit: "Know all men by these presents, that we, Salem Woodward, master of the brigantine Essex of Newburyport. and owner, William Gordon, and John M. Shepherd, are held and firmly bound unto the United States of America, in the sum of $21,000. to be paid unto the said United States, for which payment well and truly to be made, we bind ourselves. &c. Sealed with our seals, and dated this 2d day of November 1808." "Whereas, the following goods, wares, and merchandise; that is to say. 800 barrels of flour, and 57 barrels

---

[1] [Reported by John W. Brockenbrough, Esq.]

of naval stores, as per manifest, now delivered to the collector of the customs of the district of Tappahannock, and intended to be transferred in the said vessel called the Essex, of Newburyport, burthen 108.13-95 tons, to the port of Newburyport, in the state of Massachusetts: Now, the condition of the above obligation is such, that if the above-mentioned merchandise shall be relanded in the United States, at the port aforesaid, or at some other port of the United States, the dangers of the seas only excepted, the above obligation to be. void, else to remain in full force and virtue." This suit was brought to recover the penalty of the above bond, which the plaintiffs claimed by reason of an alleged violation of the condition thereof. Process was issued on Gordon & Shepherd only, and the suit abated as to Woodward. The counsel for the defendants, craved oyer of the bond and condition, and pleaded several special pleas, to all of which the attorney for the United States demurred. The matter of defence contained in the plea, on which the judgment was rendered in the district court, was, that the bond was in a penalty "more than double the value of the vessel and cargo, mentioned in the recital and condition of the bond, to wit (embargo act of December 22, 1807, § 2 [2 Stat. 451], and supplementary embargo act of January 9, 1808, § 1. See 2 Story's Laws, 1071 [2 Stat. 453]), in the sum of $8,000 more than double the value thereof, and that the obligors were constrained to execute the said bond, by the refusal of the collector of the port of Tappahannock to clear, and permit the vessel and her cargo to depart from the port and district of Tappahannock, until the said bond was executed as aforesaid." To this plea the attorney for the United States demurred, and the defendants joined in demurrer. The district court overruled the demurrer, and gave judgment for the defendants. and the plaintiffs obtained a writ of error to this court.

MARSHALL, Circuit Justice. This cause comes on to be heard on several pleas, to which demurrers have been filed. One of these demurrers was overruled in the district court, and the first inquiry will be, whether this court concurs with that in the judgment on this demurrer. The plea states that the bond was given by constraint. in more than three times the value of the vessel and cargo, instead of double their value, the latter being the penalty prescribed by law, and the truth of this allegation is confessed by the demurrer. If the law had prescribed a penalty in $20.000. and the bond had been taken in a penalty of $30,000, all would admit that such bond could not be supported under the statute. I perceive no principle on which it can be maintained, that where the statute, instead of prescribing a precise sum as a penalty, prescribes a standard by which that penalty is to be measured, so as to give a precise sum, the officer can discard that standard. and substitute. in the place of it, his own will. Precedents for such a position may be searched for in vain, and such a proposition appears to me to be peculiarly unsustainable in a case, where the person, whose will is to be substituted in the place of the law, is to have half of the penalty. The attorney for the United States rests his argument, on this part of the case. on the difficulty of ascertaining precisely the value of a vessel and cargo, and on the honest difference of opinion which might prevail between different individuals on such a point. That there may be some difference of opinion on the question of value, will be readily conceded; and if the attorney ought to prove by this argument, that a bond ought not to be avoided in consequence of this variance, its weight would be acknowledged. This argument would be urged with irresistible force to a jury in a case where the penalty was objected to on grounds which admit its application. If, in the opinion of a witness, or a juryman, the estimate of the collector exceeded the real value so far only as was compatible with an honest difference of opinion, it would be for the jury to decide, whether in such a case, under all its circumstances, the signature of the bond without objection, might not be considered as an assent to the estimate. or if this be inadmissible, as the real value. But by the demurrer, every thing of this kind is waived, and the fact is admitted that the penalty is not in the sum prescribed by law.

The estimate of the collector, it is said, must be conclusive. Had the law said so, the court could only have obeyed the law. But this is not its language. Instead of expressing its will in such a manner as to indicate an intention that the estimate of the collector shall be conclusive, the legislature has referred to a standard entirely distinct, and has. consequently, subjected his will to the control of the standard.

It is also contended, that the act is to be construed in like manner as if the words "at least" had been introduced; the effect of which would be, that the collector would have been at liberty to make a penalty, in which he was to participate, what he might please, provided it was not too small. But. certainly, this is a conjecture which neither the letter, nor the spirit of the law, would warrant. However determined the legislature might be on punishing offenders against the embargo laws, they never intended to surrender the right of regulating the extent of that punishment to their collectors. But it is said that a remedy for every oppression that might be practised by the collector is to be found in the power given to the secretary of the treasury to mitigate or remit penalties; and the court is reminded of its duty to give effect to the intention of the leg-

islature, and not to employ itself on the policy of the law.

Nothing is more correct than this admonition. But how is the court to effect the intention of the legislature? Certainly not by inflicting a penalty of $30,000 in a case where the legislature has declared its intention to be, that the penalty should not exceed $20,000, nor by referring it to the secretary of the treasury to correct the judgment of the court, in a case in which it has transcended the law, because he has the power to remit a part where it has not exceeded the law. The discretion of the secretary may be exercised, in particular cases, where the court has rendered a judgment conformable to law, but this can never authorize the court to transcend the law, in order to give him an opportunity to display his clemency.

The judgment of the court is affirmed.

NOTE. It is apprehended, that this decision is not in conflict with that of the supreme court of the United States, in the case of Speake v. U. S., 9 Cranch [13 U. S.] 28; 3 Con. Rep. Sup. Ct. U. S. 244. That was an action of debt for $8,787, upon an embargo bond, dated April 14, 1808, taken by the collector of the port of Georgetown, conditioned to be void, if the brig Active should not proceed to any foreign port or place, and the cargo should be relanded in some port of the United States. The bond was executed by Speake, the master, and by Beverly and Ober, the owners of the cargo, in compliance with the provision of the first section of the act of January 9, 1808, cited above. The defendants pleaded various pleas, severally and jointly; to some of which there was a general demurrer and joinder. The circuit court for the District of Columbia, in which the action was brought, decided all the demurrers in favour of the United States, and the case was carried by writ of error to the supreme court. The second joint plea was as follows: "That the defendants ought not to be charged, &c., because they say, that the said writing obligatory was required and taken by one John Barnes," collector, &c., "by colour of his said office, and by pretence of an act of congress, &c., (the act of January 9, 1808), which said writing obligatory and the condition thereof were not taken by the said John Barnes, collector, &c., pursuant to the said act of congress, but contrary thereto in this, to wit: that the said writing obligatory was taken in a sum more than double the value of the vessel and cargo, in the condition of the said writing obligatory mentioned, by reason whereof the said writing obligatory became void and of no effect in law, and this the said defendants are ready to verify; wherefore, &c."

To this plea there was a general demurrer and joinder. Judge Story, in delivering the opinion of the court, said: "The second joint plea of the defendants alleges, that the bond was not taken pursuant to the act of congress, but contrary thereto, in this, that the bond was taken in a sum more than double the value of the vessel and cargo, whereby the bond became void. On demurrer to this plea and joinder in demurrer, the court below gave judgment for the United States; and we are of opinion, that the judgment so given ought to be affirmed. There is no allegation or pretence, that the bond was unduly obtained by the collector, colore officii, by fraud, oppression, or circumvention. It must, therefore, be taken to have been a voluntary bona fide bond. The value was a matter of uncertainty, and the ascertaining of that value was the joint act and duty of both parties. When once that value was ascertained and agreed to by the parties, and a bond executed in conformity to such agreement, the parties were estopped to deny that it was not the true value. If an issue had been taken upon the fact, the evidence on the face of the bond would have been conclusive to the jury; and, if so, it is not less conclusive upon demurrer. It would be dangerous in the extreme to admit the parties to avoid a sealed instrument by averring that there was an error in the value by an innocent mistake, or by accident, or by circumstances against which no human foresight could guard. A mistake of one dollar would be as fatal as of $10,000. Suppose the double value were underrated, could the United States avoid the bond, and thereby subject the parties to the penalties of the third section? Where the law provides that the penal sum of a bond shall be equal to the double value, and the parties voluntarily and without fraud assent to the insertion of a given sum, it is as much an estoppel as if the bond had specially recited that such sum was the double value."

The majority of the court affirmed the judgment of the court below. Marshall, Circuit Justice, said he was rather inclined to think that the plea was good, which stated that the bond was given for more than double the value of the vessel and cargo. If the bond was given for more than double that value, he thought it was void in law. He should not, however, have intimated his opinion on this point, if a dissenting opinion had not been given on another point in the cause, and his silence might have been construed into an assent to the entire opinion of the court, as it had been delivered.

In the above extract from the opinion of the court, Judge Story relies strongly upon the fact that the plea contained no allegation that the bond was obtained by the collector, by colour of his office, by fraud, circumvention, or oppression: from which it may be inferred that, had the plea contained such allegation, it would have been held good, and the demurrer overruled. But, in U. S. v. Gordon, above reported, the plea expressly charged, that the obligors were constrained to execute the bond, by the refusal of the collector, &c., to clear, and permit the vessel and her cargo to depart, &c., until the said bond was executed, &c. The United States carried the above reported case of U. S. v. Gordon to the supreme court of the United States, by another writ of error, but that court dismissed it for want of jurisdiction. 7 Cranch [11 U. S.] 287.